UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patricia T. Patterson, | ) C/A No. 0:09-cv-02829-MBS-BM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Daniel Shearous, | ) |
| Defendant. | ) |

This is a civil action filed *pro se*, presently before the undersigned magistrate judge for pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened). Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious" § 1915(e)(2)(B)(i), (ii).[1]

---

[1] A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather needs only weigh the plaintiff's factual allegations in his favor. *Id.*

Here, after careful review and consideration of Plaintiff's filing, the undersigned finds and concludes that the complaint is subject to summary dismissal. The complaint alleges that Defendant Daniel Shearous, Clerk of Court for the South Carolina Supreme Court, deprived Plaintiff of her constitutional rights when he issued orders for the court in a case to which Plaintiff was a party. While the allegations are somewhat unclear, Plaintiff cites the Federal Rules of Appellate Procedure and the Clerk's Manual (presumably, that of the South Carolina Supreme Court) in an effort to show that the Defendant incorrectly docketed an appeal, thus depriving Plaintiff of procedural due process. Complaint at 6. Plaintiff also states that orders issued were done so fraudulently. Complaint at 5. Plaintiff essentially asks this Court to sit as an appellate court over the South Carolina Supreme Court, saying "[i]n Defendant's extrinsic fraudulent acts, while depriving Plaintiff the opportunity to be heard and in complete absence of all jurisdiction, the judgment is subjected to Collateral Attack (sic)." Complaint at 8. Under the heading "Requested Relief," Plaintiff writes the following: "Pursuant to Title 42 U.S. Code § 1983, a Permanent Public Disbarment is requested for Injunctive Relief with Quasi-Absolute Judicial Immunity, Equitable, and Declaratory Relief for fraud upon the court, and abuse of discretion under the 1st, 5th, and 14th Amendments in his Judicial Capacity." Complaint at 6.

2

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute; *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986); which is not to be expanded by judicial decree. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). Further, it is to be presumed that a cause lies outside this limited jurisdiction; *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); and the burden of establishing the contrary rests upon the party asserting jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

Liberally interpreted, the complaint submitted by Plaintiff asks this Court to review and overturn the proceedings and rulings made in the South Carolina Supreme Court. In order to proceed with her case, her claim must fall under one of the two most commonly recognized and utilized bases for federal court jurisdiction: (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the complaint filed by Plaintiff in this case do not fall within the scope of either form of this Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident.

First, there is clearly no basis for a finding of diversity jurisdiction over this complaint. The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) <u>citizens of different States</u>[.]



3

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because, according to the information provided by Plaintiff, when she filed her complaint, both Plaintiff and the Defendant were residents of South Carolina. Complaint at 5.

Second, it is clear that the essential allegations contained in the complaint are insufficient to show that the case is a viable one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the complaint does not state a viable claim cognizable under this Court's "federal question" jurisdiction. When considering the issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); see *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908); *cf. Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109 (1936)("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."). Thus, this Court is not bound by Plaintiff's assertions that some of her federal rights were violated by the Defendant and

4

may disregard those claims if the facts and circumstances surrounding the relationship between Plaintiff and Defendant do not support Plaintiff's contentions.

Here, the factual allegations contained in the complaint filed in this case show that Plaintiff's claims of constitutional violations by the Defendant are all based on her displeasure with being the losing party in a state court case. She cites to § 1983 as being the basis for her request for relief because she contends, essentially, that the Defendant somehow caused her to be unsuccessful in the state-court litigation. Such claims are subject to summary dismissal because, under the *Rooker-Feldman* Doctrine, this Court is without jurisdiction to consider them, as the proceedings and rulings made in the South Carolina Supreme Court cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)(a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257).[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see, e.g.*, *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712 (4th Cir.

---

[2] Appeals of orders issued by lower state courts must first go to a higher state court, while, the Congress has provided that only *the Supreme Court of the United States* may review a decision of a state's highest court. *See* 28 U.S.C. § 1257(since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right); *see Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491(3d Cir. 1997). In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. *E.g.*, *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1991) (an example of a South Carolina Supreme Court case that was reviewed by the United States Supreme Court).



2006); *Ivy Club v. Edwards*, 943 F.2d 270, 284 (3d Cir. 1991).³

According to the Fourth Circuit, "the *Rooker-Feldman* doctrine applies... when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006); *cf. Ruttenberg v. Jones*, 2008 WL 2436157 (4th Cir. June 17, 2008)(reversing a *Rooker/Feldman* dismissal). Plaintiff's submission of the complaint in this case, claiming a right to damages and other relief for federal constitutional violations by a state court Clerk of Court in connection with his employment duties, does not alter the fact that Plaintiff is, in reality, attempting to have this Court review the proceedings that took place before the South Carolina state court. *See Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); *see also Hagerty v. Succession of Clement*, 749 F.2d 217, 219-20 (5th Cir. 1984)(collecting cases). The *Rooker-Feldman* Doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues such as Plaintiff attempts to raise in this case. *See Arthur v. Supreme Court of Iowa*, 709 F. Supp. 157, 160 (S.D. Iowa 1989).

Since Plaintiff is claiming that she was injured by rulings made and outcomes in state court, *see Willner v. Frey*, No. 06-1432, 2007 WL 222778 (4th Cir. August 3, 2007), to rule in favor of the Plaintiff on her constitutional claims would, necessarily, require this Court to overrule and reverse orders and rulings made in the state court. Such a result is prohibited under

---

³Because the *Rooker-Feldman* Doctrine is jurisdictional, it may be raised by the Court *sua sponte*. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).



the *Rooker-Feldman* Doctrine. *Davani*, 434 F.3d at 719-20; *see Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. at 293-94; *Jordahl v. Democratic Party of Va.*, 122 F.3d at 201. Moreover, even if the *Rooker-Feldman* Doctrine did not deprive this Court of subject matter jurisdiction over Plaintiff's complaint, it would still be subject to summary dismissal because the doctrine of quasi-judicial immunity protects the Defendant from the kind of claims asserted in this case. The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel such as the Defendant because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992)(quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *see Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel); *Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa. 1993); *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). In *Mourat v. Common Pleas Court of Lehigh County*, the district court, in a bench ruling, rejected claims similar to those raised by the *pro se* Plaintiff in the case *sub judice*:

> In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)[, *cert. denied*, 396 U.S. 941 (1969)]. If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D. Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

515 F. Supp. at 1076; *see also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969)("Defendants Circuit



7

Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*.").

In his capacity as Clerk of Court, Defendant Shearous was responsible for issuing certain orders which favored Plaintiff's opponent in state court litigation.[4] The wrongdoing by the Defendant alleged by Plaintiff all involves orders issued by the South Carolina Supreme Court, with Plaintiff's contentions of constitutional violations by the Defendant all arising from Defendant's judicially related activities in connection with this litigation. As a result, Plaintiff cannot recover damages or other relief from the Defendant because of his performance of employment duties. As Clerk of Court for the South Carolina Supreme Court at all relevant times in this case, Defendant is entitled to quasi-judicial immunity over Plaintiff's claims in this case because the allegations of the complaint, supplemented by the attachments thereto, show that Defendant was following rules of a court or was acting pursuant to authority delegated by a court to Clerk's office personnel when he did the things of which Plaintiff now complains.

## **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

---

[4]A disputed letter dated May 28, 2009, which contains an order denying a Motion to Proceed In Forma Pauperis, is signed by Chief Justice Jean Toal in the electronic signature form, and is signed on the second page by Defendant Shearous in his capacity as Clerk of Court. "Ex-8" or complaint attachment 4 at 17-18. A disputed order dated April 21, 2009, appears to be signed by Chief Justice Toal in the more traditional signature format. "Ex-2" or complaint attachment 4 at 9.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

January 6, 2010

Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

