IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Patricia T. Patterson, | ) | Civil Action No. 0:09-2829-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Daniel Shearous, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Patricia Patterson ("Plaintiff") filed this *pro se* action on October 29, 2009. Entry 1. In the complaint, Plaintiff alleges Defendant Daniel Shearous ("Defendant"), Clerk of Court for the Supreme Court of South Carolina, "violated her Constitutional Rights with fraud upon the court and Abuse of Discretion." Id. at 4. Specifically, Plaintiff alleges that "[i]n violation to Title 28 U.S. code 1915, Canon 395, and Procedural Due Process, [Defendant] fraudulently issued an Order granting a Certified Review" and abused his discretion by denying her motion to proceed in forma pauperis. Id. at 4-6. For the reasons set forth below, the court adopts the Magistrate Judge's Report and Recommendation and dismisses Plaintiff's case without prejudice and without issuance and service of process.

I.  **Background**

Plaintiff filed an action in the South Carolina Court of Common Pleas for the Fifth Judicial Circuit against Defendant Kenneth Richstad ("Mr. Richstad"), the former Clerk of Court for the South Carolina Court of Appeals, alleging that Mr. Richstad committed a number of fraudulent and negligent acts in connection with the filing of Plaintiff's worker's compensation appeal. On March

1

23, 2009, the Honorable Casey Manning of the South Carolina Court of Common Pleas for the Fifth Judicial Circuit dismissed Plaintiff's case after determining that Mr. Richstad was immune from suit. On April 16, 2009, Plaintiff filed a Notice of Appeal to Judge Manning's ruling with the South Carolina Court of Appeals. The appeal was subsequently forwarded to the Supreme Court of South Carolina for review. Plaintiff alleges that after her case was transferred to the Supreme Court of South Carolina, "an un-docketed order was issued April 21, 2009 granting Plaintiff a Certified Review and electronically signed, 'For the Court,' Pursuant to Rule 4(b), FRAP." Entry 1, 6. Plaintiff alleges Defendant fraudulently issued this Order. Id. at 4. Plaintiff also alleges Defendant abused his discretion when he issued an order denying Plaintiff's in forma pauperis motion on May 28, 2009. Because Plaintiff failed to pay the filing fee ($100.00) for her Notice of Appeal, the Supreme Court of South Carolina issued an Order of Dismissal on July 1, 2009.

After Plaintiff's case was dismissed by the Supreme Court of South Carolina, Plaintiff filed the instant action in federal court. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., Plaintiff's case was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. On January 6, 2010, the Magistrate Judge issued a Report and Recommendation in which he recommended Plaintiff's case be summarily dismissed without prejudice. The Magistrate Judge determined that Defendant is entitled to quasi-judicial immunity and that there is no basis for federal subject matter jurisdiction under the *Rooker-Feldman* doctrine. Entry 9. Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation on January 20, 2010. Entry 12.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

**II.     Discussion**

In her objection to the Magistrate Judge's Report and Recommendation, Plaintiff reiterates the arguments alleged in her complaint regarding her displeasure with the denial of her in forma pauperis motion. In cases where a Plaintiff files an action in federal court challenging a state court decision, the federal action must be dismissed pursuant to the *Rooker-Feldman* doctrine.[1] See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005) (holding that the *Rooker-Feldman* doctrine requires federal district courts to dismiss "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); also see Davani v. Virginia Dep't. of Transp., 434 F.3d 712, 718-20 (4th Cir. 2006) (relying on Exxon and holding that the *Rooker-Feldman* doctrine applies if a state-court loser is challenging a state-

---

[1] See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Atlantic Coast Line R. Co. v. Locomotive Engineers, 398 U.S. 281 (1970). In both cases, the Supreme Court held that the district court lacked jurisdiction over the plaintiffs' complaints because the plaintiffs, after losing in state court, filed suit in federal court seeking review and rejection of the state court judgment.

3

court decision by alleging the state court decision caused him injury). Although Plaintiff's complaint alleges federal constitutional claims, the complaint must be dismissed pursuant to the *Rooker-Feldman* doctrine because there is no basis for federal subject-matter jurisdiction since the complaint challenges the Supreme Court of South Carolina's decision to deny Plaintiff's in forma pauperis motion. See Exxon, 544 U.S. at 291 ("*Rooker* and *Feldman* exhibit the limited circumstances in which this Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States District Court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority, *e.g.,* § 1330 (suits against foreign states), § 1331 (federal question), and §1332 (diversity)").

### III. Conclusion

For the reasons set forth above, Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process. The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS ORDERED**.

s/ Margaret B. Seymour<br>United States District Judge

March 5, 2010
Columbia, South Carolina